Board of Commissioners of Lake County v. Donch.

Filed March 14, 1893.

------

No. 726.

BOARD OF COMMISSIONERS OF LAKE COUNTY v. DONCH.

APPEAL.—*Special Finding.—Conclusions of Law.—Restatement.—Law of the Case.*—Where parties have not excepted to the facts found specially by the trial court, but have sought the conclusions of law and the judgment of the court on such facts, and this court on appeal has instructed the trial court to state conclusions of law and render judgment on such facts in favor of one party, such decision must stand as the law of the case

throughout all subsequent stages; it is too late for the defeated party to insist on a different or additional finding of the facts, when the case is returned to the trial court.

From the Porter Circuit Court.

*J. W. Youche*, for appellant.

*J. Kopelke*, for appellee.

DAVIS, J.—This is the continuation of the same case reported in 30 N. E. Rep. 204, and 4 Ind. App. 374.

On return of the case to the Circuit Court, the appellee moved the court to set aside the judgment, and to restate its conclusions of law upon the facts, in his favor, and to render judgment for him in the sum of $717.67, and interest thereon from December 2d, 1890, and to send the cause to the Board of Commissioners of Lake County, with an order to said Board to refund to appellee said sum, and appellant moved the court to be permitted to show " by evidence, or in any other appropriate manner," the amount of taxes so assessed, levied and collected as State taxes, the amount so assessed, levied and collected as county taxes, and the amount so assessed, levied and collected " for purposes and as taxes other than county and State taxes."

The motion of appellant was overruled, and appellee's motion was sustained except as to interest. Each of the parties excepted, and the questions are presented by errors assigned in behalf of appellant, and cross-errors assigned in behalf of appellee.

There does not appear to have been any exception by either party, to the facts as found specially by the court. Neither party at any time filed a motion for a new trial. Both parties seem to have been content with the finding of facts. The former decision stands as the law of the case throughout all subsequent stages. Whether that decision is correct we need not inquire, but we desire to say that the opinion of Judge Black meets our approval.

Board of Commissioners of Lake County v. Donch.

The appellant was not, on the situation of the record and under the mandate of the court, entitled to a new trial or to 'a supplemental finding. If appellant desired to escape liability on the ground that a part of the taxes so wrongfully collected belonged to the State, or to some other corporation or fund, such facts should have been presented on the trial. It is not necessary that we should consider or determine what the rights of the respective parties would have been had such facts been found and stated in the special finding. Suffice it to say that the respective parties having sought the conclusions of law and the judgment of the court on such facts, and this court on the former appeal having instructed the Circuit Court to state conclusions of law and render judgment on such facts in favor of appellee, it was then too late to insist on a different or additional finding of the facts. If the Court on the former appeal had been asked to modify its mandate and to direct a new trial, in order to have promoted the ends of justice, no doubt such relief would have been granted.

The language of the mandate was:

"The judgment is reversed, and the cause is remanded with instructions to state a conclusion of law in favor of the appellant and to render judgment accordingly, and to send the cause down to the Board of Commissioners of Lake county, with an order to said Board directing it to take the necessary proceedings for the refunding to the appellant of the taxes so wrongfully assessed and paid."

On the facts, under this mandate, appellee was entitled to $717.67, with interest at six per cent. from the 2d day of December, 1890.

In fact, the finding discloses that the money so paid by appellee on the 21st day of May, 1890, was on the first day of December, 1890, in the treasury of said county, so no injustice is done in requiring the county to refund all of it, with interest.

If the appellant afterwards, with full knowledge of the pendency of appellee's claim, paid the money or any part of it to the State or any other person or corporation, such fact, if a defense, should have been shown on the trial.

As the record comes to us, appellant not only appears to have all the money in controversy, but is, moreover, bound by the mandate of this court, on the former appeal, to pay the same to appellee.

The judgment is reversed on cross-error assigned by appellee, at costs of appellant, with instructions to sustain appellee's motion for judgment for $717.67, with interest thereon from December 2, 1890, and for further proceedings in accordance with this opinion, and the mandate of the court on the former appeal.

