Case 5.—MANDAMUS PROCEEDING BY THE ILLINOIS LIFE
INS. CO. and OTHERS AGAINST HENRY R. PREWITT
AS INSURANCE COMMISSIONER OF THE STATE OF
KENTUCKY.—May 17.

## Illinois Life Insurance Co. v. Prewitt, &c.

Appeal from Franklin Circuit Court.

ROBERT L. STOUT, Circuit Judge.

From the judgment defendants appeal and plain-
tiff prosecutes a cross-appeal. Affirmed on the orig-
inal and reversed on the cross-appeal.

1.—Insurance—Life Insurance Companies—Deposit with State
Treasurer—Reinsurance—Withdrawal of Deposit.—Ky. St.
1903, Sec. 648, requires all domestic life insurance companies to
deposit with the State Treasurer $100,000 in solvent securities.
A domestic company, having such deposit, proceeded as au-
thorized by statute and with the consent of its policy holders
to have all its risks reinsured in a foreign company, and
assigned as a part of the consideration for the reinsurance the
fund on deposit with the Treasurer. Section 650 provides that
the Insurance Commissioner and Treasurer may deliver to the
insurance companies the securities held by the Treasurer, when
satisfied that all debts and liabilities either due or to become due
are paid and extinguished. After the reinsurance the domestic
company had no debts and no outstanding obligations. Held,
that the foreign company was entitled to withdraw the fund
on deposit.

2. States—Action Against State—Mandamus to compel a State
Treasurer to surrender a fund deposited with him by an insur-
ance company pursuant to Ky. St. 1903, Sec. 648, is not an
action against the State, within Const. Sec. 231, requiring leg-
islative consent to the institution of such actions.

3. Insurance—Reinsurance—Effect—Consolidation—Where a do-
mestic life insurance company, acting pursuant to the statute
and with the consent of its policy holders, reinsured all its
risks with a foreign life insurance company, there was no con-
solidation, within Const. Sec. 200, declaring that, if any corpo-
ration organized under the laws of the Commonwealth shall
consolidate with any corporation organized under the laws of

any other State, the same shall not thereby become a foreign corporation, so as to require the reinsuring company to deposit securities with the State Treasurer as a local company.

N. B. HAYS, Att'y. Gen'l and CHAS. H. MORRIS, for Appellant.

1. It is the contention of the State that under Sec. 200 of the State Constitution, reinsurance by the Illinois Life Insurance Company, of the risks or policy holders of the Mutual Life Insurance Company of Kentucky, was a consolidation, by sale or otherwise, of said two companies; that said judgment directing said treasurer and commissioner to surrender and turn over the one hundred thousand dollars to said Illinois Life Insurance Company, a foreign corporation, is not only erroneous, but void, because under said constitutional provision, said court is not only without power, but is prohibited from rendering such judgment. It is specifically provided by said section that "the courts of this Commonwealth shall retain jurisdiction over that part of the corporate property within the limits of this State in all matters which may arise, as if said consolidation had not taken place."

2. It is the further contention of the State, that in the absence of a law or resolution of the General Assembly, authorizing this action, the appellees have no legal standing in court, and have not the legal capacity to maintain this action. It is in effect and in reality a suit against the State, and such an action cannot be maintained against the State in the absence of legislative permission or authority. (Constitution, Sec. 231; Fitz v. McGee, 176 U. S., 516; Devine v. Harvie, 7 Mon., 439; Tracy v. Hornbuckle, 8 Bush, 336; Rodman v. Musselman, 12 Bush, 356; Tate v. Salmon, 79 Ky., 540.)

3. It is the contention of the State that the contracts of reinsurance entered into between the plaintiff company and the Kentucky Company, which is alleged to have been approved by Hon. John B. Chenault, then Insurance Commissioner, and the alleged approval of the policy holders, do not authorize the conclusion that any policy holder thereby surrendered his vested right under and by reason of his policy of insurance, to subject said securities to the payment of his claim when due, and in default of payment by the company.

4. The Illinois Life Insurance Company stands in no better condition or occupies no better position than does the Mutual Life Insurance Company, so we may conclude that in the absence of a statute directing how the securities shall be disposed of, both the general and special demurrers should have been sustained, and we ask the Court so to hold, and direct the lower court to

sustain both the general and special demurrer to the plaintiff's petition, and to direct the dismissal of the same because of the lack of legal capacity in the plaintiff to maintain this action.

KOHN, BAIRD & SPINDLE and LONG & PRICE for the apellees;

GREEN & VANWINKLE of counsel.

1. The case at bar is not brought for the purpose of subjecting the fund to the claim of a creditor or to the judgment of a court, but, on the contrary, is an action in mandamus to compel an officer to perform a manifest duty.

2. It is well established that for an action against a State officer to be an action against the State, it must seek some remedy against the State, as distinguished from the correction of a wrong done or threatened by a public officer merely in color of his office, or by virtue even of an unconstitutional statute.

3. Where the suit does not proceed against the State in its organized political capacity, but proceeds in form and name merely against a State officer, it must, in order to be in fact a suit against the State, aim at depriving the State of some property or of some right, or at enforcing against the State through its officer some judicial relief.

4. We submit that the judgment of the court below must be affirmed on the appeal, because the petition alleges, and it is admitted, that the Mutual Life has not only re-insured all of its policy holders, but that each and every one of these policy holders has accepted a new policy and contract with the Illinois Life. Thus, its policy holders, since the re-insurance, no longer look to the Mutual Life but to the Illinois Life for the fulfillment of their contract.

5. We submit to the court that whatever may be the effect of Sec. 200 of the Constitution on the question of jurisdiction, it has no controlling effect on the case at bar. The jurisdiction of the State courts over the deposit in question is not denied. On the contrary, it is the jurisdiction of the State court that is sought.

### AUTHORITIES CITED.

Devine v. Harvey, 7 Mon., 439; Tracy v. Hornbuckle, 8 Bush, 336; Rodman v. Musselman, 12 Bush, 356; Tate v. Salmon, 79 Ky., 540; Fitz v. McKee, 176 U. S., 516; Ky. Stat. Sec. 649; United States v. Lee, 106 U. S., 196; Tindal v. Wesley, 167 U. S., 204; Hauns v. Central Kentucky Lunatic Asylum, 103 Ky., 575; Herr v. Central Kentucky Lunatic Asylum, 97 Ky., 458; Gross v. World's Fair Commission, 105 Ky., 842; Pennoyer v. McCon-

Illinois Life Ins. Co. v. Prewitt, &c.

naughby, 140 U. S., 1; Ex-parte Tyler, 149 U. S., 164; Reagan v. Farmer's Loan & Trust Co., 154 U. S., 388; Starr v. Railway, 110 Fed., 7; Prout v. Starr, 188 U. S., 543; Baldwin v. Shine, 84 Ky., 502; Baldwin v. Hewitt, 88 Ky., 673; German Security Bank v. Coulter, Aud., 112 Ky., 577; Louisville City Nat. Bank v. Coulter, 112 Ky., 584; Traynor v. Beckham, Governor, 25 Rep., 283; Lucas v. Hager, Aud., 26 Rep., 710; Marbury v. Madison, 1 Cranch, 170; Ky. Stat. Sec. 657; 648; Constitution Sec. 200; Davis v. C. & O., 116 Ky., 144; O. & M. R. R. v. Willis, 1 Black (U. S.), 286; Railroad v. Whitton, 13 Wall, 283; Muller v. Dows, 94 U. S.; Nashau R. Co. v. Lowell R. R. Co., 136 U. S., 357; St. L. Ry. v. James, 161 U. S., 555; Southern Ry. v. Allison, 190 U. S. 326; Dodd v. Louisville Bridge Co., 130 Fed., 195-6.

OPINION BY JUDGE PAYNTER.

The Mutual Life Insurance Company, a corporation created under the laws of this Commonwealth, was engaged in the life insurance business. Appellee Illinois Life Insurance Company is also a corporation organized under the laws of the State of Illinois and engaged in the life insurance business. Under the laws of this State it was necessary for the Mutual Life Insurance Company to deposit with the Treasurer of the State $100,000 in solvent securities for the purpose of protecting its policy holders. The statutory law requires all domestic life insurance companies to make such deposits with the State Treasurer. Such company may deposit a greater sum than that, although it is not required to do so. Section 648, Ky. St. 1903. The Mutual Life Insurance Company deposited bonds, etc., of the value of $211,000. In the year 1902 the Mutual Life Insurance Company concluded that it was best for itself and the policy holders that the latter should be reinsured by some other insurance company, and pursuant to section 645 of Kentucky Statutes of 1903 it was authorized to have those holding policies reinsured in another company. The Insurance Commissioner gave his consent that such an arrangement should be made. The Mutual Life Insurance Company entered into an arrangement

with the Illinois Life Insurance Company by which the latter assumed the risks on the policies issued by the former and issued certificates to its policy holders to that effect, to which arrangement the policy holders also gave their consent. From the averments of the petition it appears that the Mutual Life Insurance Company is not bound on a single policy which it issued, it having been relieved of responsibility by all persons holding its policies on their lives. It is not indebted to` any one. The funds which are on deposit with the State Treasurer under the law were transferred to the Illinois Life Insurance Company, and the consideration therefor was the assumption of the risks which it made under the arrangement stated. The Illinois Life Insurance Company has deposited in the State of Illinois bonds, etc. of the value of $550,000 for the protection of its policy holders, among whom are the persons who hold policies in the Mutual Life Insurance Company, who had consented to the transfer and the assumption of liability by the former. In view of the facts above recited, the Illinois Life Insurance Company instituted this proceeding, and sought by mandamus to compel the delivery of the securities on deposit with the State Treasurer. The question here is whether it is the duty of the Insurance Commissioner to order, and the Treasurer to make, delivery of the securities mentioned.

Foreign life insurance companies are not required under the law to deposit money or bonds with the Treasurer of the State for the protection of its policy holders. The law of the State where the company is organized is supposed to require life insurance companies to do such things as are necessary for the protection of its policy holders. The Commissioner of Insurance determines whether an insurance company shall be permitted to do business in the State, and it is presumed when he allowed such company to enter

this territory with a view of permitting it to conduct its business, that he has made all necessary investigations to satisfy himself that those who become policy holders in the company are protected. The purpose of deposit of securities with the Treasurer, as we have said, was for the protection of policy holders. If they no longer have claims against the company, and no liability can arise from any of its contracts with it, the purpose of the law has been fulfilled. It has ceased to do business, and therefore, no new liability can be incurred by it. If the Mutual Life Insurance Company was entitled to the securities which are being held by the State Treasurer, then its assignee is likewise entitled to them. Why should the State be permitted to hold bonds simply because at one time they might have been needed for the purpose of protecting the policy holders? No new liability can arise now. Then if the necessity for holding the bonds does not exist, and there being no law requiring that the State should do so, it seems that the securities should be surrendered to the parties to whom they should go. Section 650, Ky. St. 1903, expressly provides that the Insurance Commissioner and Treasurer may deliver to the insurance companies such securities held by the Treasurer in virtue of the law, when satisfied that all deeds and liabilities of every kind are paid and extinguished that are due, and which may become due upon any contract or agreement with any citizen of the United States. It is admitted in the record, as we have said, that the Mutual Life Insurance Company does not owe any debts to any one, and that none of its obligations of any kind whatsoever exist or are outstanding. Under such circumstances, it is our opinion that a fair interpretation of the statute requires that we should hold that the law imposes the duty upon the Commissioner and Treasurer to surrender the securities in question.

It is urged that the court did not have jurisdiction
to determine the question as to whether the Commis-
sioner and Treasurer should surrender the securities
in question, because it is in effect an action against
the State of Kentucky, and therefore, under section
231 of the Constitution it was necessary to obtain
legislative consent that the State might be sued. This
is not a question to recover anything from the State,
nor can the result of the action affect the State in any
way whatever. The State Treasurer by virtue of his
office is the custodian of certain securities of the in-
surance company. He is merely an agency provided
by law for the protection of persons who may have
business with an insurance company organized under
the laws of this State. If the Auditor draws his war-
rant upon the treasurer of the State and he refuses
to pay it, he can be compelled by mandamus to do so.
If it is the duty of the Auditor under the law to issue
his warrant upon the treasurer, and he refuses to do
it he can be compelled to do so by mandamus. Such
actions are not actions against the State, but actions
against the officers of the State, requiring them to per-
form duties imposed upon them by law. This court
has repeatedly sustained such proceedings. Bald-
win v. Shine, 84 Ky. 8 Ky. L. R. 496, 502, 2 S. W. 164;
Baldwin v. Hewitt, 88 Ky. 673, 11 Ky. L. R. 199, 11 S.
W. 803; German Security Bank v. Coulter, Auditor,
112 Ky. 577, 23 Ky. L. R. 1888, 66 S. W. 425; Louisville
City National Bank v. Coulter, 112 Ky. 584, 23 Ky. L.
R. 1883, 66 S. W. 425; Traynor v. Beckham, Governor,
116 Ky. 13, 74 S. W. 1105, 25 Ky. Law Rep. 283. This
court recognized the right in Herr v. Central Ken-
tucky Lunatic Asylum, 97 Ky. 458, 17 Ky. L. R. 320,
30 S. W. 971, 28 L. R. A. 394, 53 Am. St. Rep. 414, and
in Hauns v. Same, 103 Ky. 575, 20 Ky. L. R. 246, 45 S.
W. 890, and in Gross v. World's Fair Commission, 105
Ky. 842, 20 Ky. L. R. 1418, 49 S. W. 458, 43 L. R. A.
703, that agencies of the State in the nature of corpo-

rations, performing functions of the State government, could be sued, and that such actions are not to be treated as actions against the State.

Section 200 of the Constitution of this State reads as follows: "If any railroad, telegraph, express, or other corporation, organized under the laws of this Commonwealth, shall consolidate by sale or otherwise, with any railroad, telegraph, express, or other corporation organized under the laws of any other State, the same shall not thereby become a foreign corporation, but the courts of the Commonwealth shall retain jurisdiction over that part of the corporate property within the limits of the State in all matters which may arise, as if said consolidation had not taken place." It is suggested that the Mutual Life Insurance Company has consolidated with the Illinois Life Insurance Company, and hence did not thereby become a foreign corporation. There was no consolidation of the two companies by sale or otherwise. The two companies simply entered into a contract by which one company assumed certain risks for which the other was liable. The purpose of this section quoted was to prevent the domestic corporation from becoming a foreign corporation, and thus wrest from the courts of this State jurisdiction over the corporate property within the limits of the State in all matters which might arise. If it did apply to the transactions in this action then it would seem to confer jurisdiction upon the court in this case, because the domestic corporation is appealing to the courts of this State to adjudicate the question here involved. It is not only not claiming to be a foreign corporation, but it retains its character as a domestic corporation, and is appealing to the State courts for adjudication of the question at issue.

It is our opinion that the Illinois Life Insurance Company is entitled to the possession of the bonds in question, and that it is the duty of the Commissioner

and the Treasurer to surrender them, and that the mandamus ought to go.

The court below adjudged that the Illinois Life Insurance Company was entitled to the bonds and other securities in excess of $100,000, but denied its right to the balance of them. The appellee prosecuted a cross-appeal, because the court denied its right to the possession of the bonds to the value of $100,000.

The judgment is affirmed on the original and reversed on the cross-appeal, and cause is remanded for proceedings consistent with this opinion.