CASE 97.—ACTION BY THE BOARD OF COUNCIL OF THE
CITY OF FRANKFORT AGAINST THE ILLINOIS
LIFE INSURANCE COMPANY FOR TAXES ON CER-
TAIN SECURITIES OWNED BY DEFENDANT.—
October 20.

# Board of Council. City of Frankfort, v. Ill. Life Ins. Co.

Appeal from Franklin Circuit Court.

R. L. STOUT, Circuit Judge.

Judgment of dismissal. Plaintiff appeals.—Affirmed.

Taxation—Place of Taxation—Money Wrongfully Withheld from
Insurance Company.—Where a foreign life insurance com-
pany bought out a domestic life insurance company, which
had securities on deposit with the State Treasurer, and the
Treasurer wrongfully withheld the securities from the pur-
chasing company, they could not be taxed while so withheld
at the place of residence of the wrongful custodian.

WM. CROMWELL for appellant.

### POINTS AND AUTHORITIES.

1. Treasurer is trustee for deposits of insurance companies.
(Ky Stats., 648, 650; Kane v. Bloodgood, 7 Johns. Chancery, 110.)
2. Trustee is entitled to the advice of the court. (Walker v.
Smyser, 80 Ky., 620; Underhill on Trusts and Trustees, 435.)
3. Assessment of intangible property of non residents where
property held by resident trustees. (Higgins, Trustee v. Com-
monwealth, 31 Ky. Law Rep., 654; Ky. Stats., 4022, 4058; Black-
stone v. Miller, 188 U. S. 206; Judson on Taxation, sections 394,
396.)
4. An intention to remove personal property from the State does

Board of Council, City of Frankfort v. Ill. Life Ins. Co.

not relieve it from taxation. (Gray on Taxing Power and Public Indebtednes᠈, section 921; Coe v. Errol, 114 U. S., 517. Cases distinguished: Commonwealth by, etc. v. Northwestern Mutual Life Insurance Company, 32 Ky. Law Rep. 796; Board of Councilmen of the City of Frankfort v. Fidelity Trust and Safety Vault Company, 23 Ky. Law Rep., 908; Commonwealth v. Dun & Co., 31 Ky. Law Rep., 561; Higgins, Trustee v. Commonwealth, 31 Ky. Law Rep., 653; Scottish Union and National Ins. Co. v. Bowland, 196 U. S., 610.)

5. Construction of revenue statutes. (Commonwealth v. Nunan, 31 Ky. Law Rep., 1092.)

GREENE & VANWINKLE for appellee.

KOHN, BAIRD, SLOSS & KOHN and LONG & PRICE of counsel.

### POINTS AND AUTHORITIES.

1. These securities were wrongfully withheld from the possession of appellee by the insurance commissioner from July 31st, 1902. (Prewitt, Commissioner v. Illinois Life Insurance Co., 93 S. W., 633.)

2. Municipality can only tax real or personal property within the city on the day of assessment. (Ky. Stats., 4020, 3734.)

3. The general rule is that the situs of intangible personal property follows the person of the legal title holder. (Baldwin v. Shine, 84 Ky., 502; Covington v. Wayne, 58 S. W., 766, 22 Ky. Law Rep., 826; Aetna Insurance Co. v. Coulter, 115 Ky., 787, 74 S. W., 105; City of Frankfort v. Trust Co., 111 Ky., 667, 64 S. W., 470.)

4. The exception to the general rule which allows a state to tax the intangible property of a non-resident applies only where such intangible property is in hands of an agent charged with the duty of managing, controlling and re-investing such securities or their proceeds. (Higgins v. Commonwealth, 103 S. W., 306; Bristol v. Washington County, 177 U. S., 144; Commonwealth v. R. G. Dun Co., 102 S. W., 859.

5. And an agent or depository who merely has possession of securities without right of management, control or re-investment is not within this exception. (Commonwealth v. Northwestern Insurance Co., of Wisconsin, 107 S. W., 233; Commonwealth v. Haggin, 99 S. W., 906, 30 Ky. Law Rep., 788; Village of Howell v. Gordon, 86 N. W., 1042; Jack v. Walker, 96 Fed., 578; Herran

v. Keeran, 59 Ind., 472; Myers v. Seaburger, 45 Ohio, 232; Reat v. People, 201 Ill., 469, 66 N. E., 242; Appeal of Borden, 70 N. E., (Ill.) 310.

6. Upon the termination of the insurance commissioner's duties as depositary, appellee became entitled to the posession of these securities and their situs in Kentucky ended. (Boske, Sheriff v. Security Trust Co., 56 S. W., 524; People v. New England Insurance Company, 26 N. Y., 303; Prewitt Commissioner v. Illinois Life Insurance Company, 93 S. W., 633.)

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The Mutual Life Insurance Company of Kentucky, incorporated under the laws of this State, had on deposit with the State Treasurer on the 31st day of July, 1902, notes, bonds, and other securities amounting to $211,000. These securities were deposited with the Treasurer in compliance with section 648 of the Kentucky Statutes of 1903, providing in substance that every domestic life insurance company shall deposit with the State not less than $100,000, to be held by the Treasurer for the benefit of the policy-holders of the company making the deposit. On July 31, 1902, the Mutual Life Insurance Company, with the consent and approval of the insurance commissioner of this State, and its policy-holders, sold and transferred all of its property, including the securities on deposit with the Treasurer, to the Illinois Life Insurance Company. Thereupon the Mutual Life Insurance Company ceased to do business as an insurance company. The Illinois Life Insurance Company is a foreign insurance company, and is not required by the laws of this State to make in this State a deposit of securities for the protection of its policy-holders. Soon after it purchased the business and assets of the Mutual Life Insurance Company, it

demanded of the State Treasurer the securities that had been deposited with him by the Mutual Life Insurance Company, and upon his refusal to deliver them instituted an action to compel their surrender, and this court, in Prewitt v. Illinois Life Insurance Company, 93 S. W. 633, 29 Ky. Law Rep. 447, 123 Ky. 36, held that the insurance company was entitled to the relief sought and adjudged that the securities be delivered to it. In 1907 this action was brought by the appellant, seeking to tax the securities for the benefit of the city of Frankfort for the years 1903, 1904, 1905, and 1906. The lower court dismissed the petition, and the city appeals.

Briefly stated, the facts are: First, that on July 31, 1902, the Illinois Life Insurance Company became the owner and entitled to the possession of the securities deposited by the Mutual Life Insurance Company and in the custody of the State Treasurer; second, that it demanded the surrender of the securities, and upon the failure of the Treasurer to deliver them brought a suit for their possession, which terminated in a judgment declaring that it was entitled to the securities and that they were wrongfully withheld by the Treasurer; and, third, that, except for the erroneous opinion of the Treasurer that he was entitled to hold the securities, they would have been removed from the county of Franklin when their delivery was first demanded. It thus appears that the city of Frankfort is seeking to tax the securities for the years they were improperly and against the consent of the company retained within the city by an officer of the State. Except for his mistaken conception of duty in failing to deliver the securities upon demand, no attempt to tax them would or could have been made, because they would not have been within the jurisdiction of the tax-

ing authorities of the city. Under these circumstances it would be manifestly unfair to tax these securities. While all personal estate within the city is subject to taxation, evidently this means personal property that is within the city by the consent of the owner. An individual, by taking possession of personal property and holding it against the consent of the owner, can not give it a situs for taxation in the place where the wrongful custodian happens to reside. The situs of personal property is generally, but not always, determined by the residence of the owner. But in no state of case can it be subjected to taxation against the consent of the owner at the place of residence of a person who is wrongfully in possession of it.

Neither the case of Higgins' Trustee v. Commonwealth, 126 Ky. —, 103 S. W. 306, 31 Ky. Law Rep. 653, nor Commonwealth v. Dun, 126 Ky. —, 102 S. W. 859, 31 Ky. Law Rep. 561, 10 L. R. A. (N. S.) 920 are applicable to the state of facts here presented. In the Higgins case, the securities of a non-resident sought to be taxed were in the possession of a resident trustee, who rightfully exercised control over them, collected the interest, renewed and changed the evidences of debt, invested the surplus, and in these particulars exercised the same dominion over them as if he had been the actual owner. In the Dun Case, the money taxed was in the rightful possession of resident agents and managers of the nonresident owner, and was within this State as a part of the business of the owner and for the purpose of aiding in its conduct. In each instance the will of the owner was consulted, and the property with his consent was within the jurisdiction of the taxing authorities. The facts of this case are somewhat similar to Commonwealth v. Northwestern Mutual Life Insur-

ance Company, 107 S. W. 233, 32 Ky. Law Rep. 797. There it was sought to tax notes and choses in action representing loans made by the nonresident company and secured by mortgages on land in this State and by pledges of policies of insurance or other collateral. But the court held that these evidences of debt were not subject to taxation in this State, although they were in this State by the authority. of the company.

Without further elaboration or citation of cases involving questions of taxation, we may safely rest our decision upon the ground that, as the securities sought to be taxed were wrongfully retained in this State, their presence here did not give them, under any statute or rule of law that we are familiar with, a situs for taxation in this State.

The judgment of the lower court is affirmed.