# Ex Parte Fitzpatrick, Clerk of the Supreme Court.

[No. 21,383. Filed January 12, 1909.]

1. FEES AND SALARIES.—*Ownership of Fees.*—*Clerk of Supreme Court.*—The fees collected by the Clerk of the Supreme Court belong to the State. p. 558.

2. COSTS.—*State, on Relation.*—*Liability of State and Relator.*— Relators are liable for costs, except where the relator is a state officer or prosecuting attorney in his official capacity, in which event costs are not taxable (§620 Burns 1908, Acts 1885, p. 239). p. 559.

3. Costs.—*Bonds.*—*Actions On.*—Under §9186 Burns 1908, §5585 R. S. 1881, costs taxed against relators in suits brought by direction of the Governor on official bonds are payable by the State. p. 559.

4. Same.—*State.*—Costs cannot be taxed against the State. p. 559.

5. Officers.—*Clerk of Supreme Court.*—*Opinions.*—*Duty to Furnish.*—*State Officers.*—The Clerk of the Supreme Court is under no duty to furnish, without charge, unauthenticated copies of the Supreme or Appellate Court decisions to the state officers or departments, there being no statute requiring same. pp. 559, 561.

6. Actions.—*Against State.*—*Officers.*—A suit against a state officer, in which the State has no pecuniary interest nor substantive right to protect, is not a suit against the State. p. 560.

7. Costs.—*Payment by Officers.*—*Reimbursement.*—The payment of costs by an officer is not a payment by the State, though the officer is reimbursed by the State. p. 560.

Original petition by Edward V. Fitzpatrick, as Clerk of the Supreme Court.

Myers, J.—This is an application by the Clerk of the Supreme Court by verified petition, setting forth the fact that various boards or commissions, appointed or created under legislative enactment, claim the right to have furnished to them, gratis, on request, for official use, unauthenticated carbon copies of the decisions of the Supreme and Appellate Courts, upon the theory that, being agencies of the government, they have a right to demand them upon the ground that the State should pay no costs or fees in the absence of an express provision therefor, and praying the direction of this court in the matter. The statute governing the taxation of fees for copies of the opinions of the Supreme and Appellate Courts is §9389 Burns 1908, Acts 1907, p. 92, §3.

That section provides the fee to be charged to "any person, firm, or corporation" for unauthenticated carbon copies of the opinions of the Supreme and Appellate Courts.

1. These fees, as well as all other fees taxed by the clerk, are the property of the State. §9389, *supra.*

The provisions of our statute with respect to actions brought on relation of the State require the costs to be taxed

against the failing relators, except in cases where a

2. state officer, or prosecuting attorney, by virtue of his office, is relator. §620 Burns 1908, Acts 1885, p. 239.

Prior to the act of 1885, *supra,* a state officer as relator was primarily liable for costs, although by another statute, in actions directed by

3. the Governor on official bonds, then and at this time in force, it is provided that while the relator was and is primarily liable for costs, such costs are to be paid by the State. §9186 Burns 1908, §5585 R. S. 1881. And see *Henderson* v. *State, ex rel.* (1884), 96 Ind. 437, 443.

The policy of the law and the express provision of

4. the statute are against the taxation of costs to the State.

The provision in §9389, *supra,* enables the copying of the opinions of the two courts by the proprietors of newspapers, and the making of abstracts of the opinions for pub-

5. lication, so that it is clear that no question arises as to the rights of various boards or departments of the state government to take copies, but the question is: Is the clerk required to furnish them without charge? It is quite clear that, if every agency of the state government can, at its pleasure, call upon the clerk for copies, an immense amount of labor may be imposed upon the office; and while that duty might be imposed upon the office by the legislature, it has not done so, and the way once open would lead to much confusion, for the establishment of a hard and fast rule upon the subject as to who should be served as agents of the State seems difficult, if not impossible, and cannot be imposed upon the clerk, or at least has not been. It might be expedient in many cases, and wholly unnecessary in others, and the difficulty of drawing the line of separation is at once apparent. For example, what is to deter the trial judges and prosecuting attorneys, or township trustees and road supervisors, as well, from demanding copies of

all opinions? Even if it be said that the requirement that the agencies of the government shall pay for such copies is in effect taxing the expense to the State—that is, requiring the State at last to furnish the copies—and would be a mere matter of book-keeping, it still remains true that the right to demand them must arise from some statute, and is not the taxation of costs to the State, for the reason that the officers are not the State, and the taxation of costs, in any event, strictly arises with respect to legal or judicial proceedings. An analogy is presented under the fee and salary act, under which the officer is required to turn into the treasury in the first instance fees earned by him, though the county immediately pays them back. But, where there is no provision for the State to furnish such copies, the board or officer takes the office *cum onere*, and must provide for the expense of any copies desired. It is well settled that not every suit against an officer of the State 6. is a suit against the State. A suit against an officer in which the State has no pecuniary interest, or substantive right to protect, is not a suit against the State. *Reagan* v. *Farmers, etc., Co.* (1894), 154 U. S. 362, 14 Sup. Ct. 1047, 38 L. Ed. 1014; *Burke* v. *Snively* (1904), 208 Ill. 328, 70 N. E. 327, 328; *Morrill* v. *American, etc., Bond Co.* (1907), 151 Fed. 305; *Galveston, etc., R. Co.* v. *Davidson* (1906); (Tex. Civ. App.), 93 S. W. 436; *Illinois Life Ins. Co.* v. *Prewitt* (1906), 123 Ky. 36, 93 S. W. 633; *Mississippi Railroad Com.* v. *Illinois Cent. R. Co.* (1906), 203 U. S. 335, 27 Sup. Ct. 90, 51 L. Ed. 209.

It must follow that requiring one of the boards of the State to pay for the opinions of the courts is not requiring the State to pay, in the ordinary sense, even though 7. the board pays from a fund derived from the State, any more than under our prior statutes, where the Attorney-General was relator, costs were held taxable to him, though the State reimbursed him. *Henderson* v. *the State, ex rel., supra; Briscoe* v. *McMillan* (1906), 117 Tenn. 115,

100 S. W. 111; *Mississippi Railroad Com.* v. *Illinois Cent. R. Co. supra; Prout* v. *Starr* (1903), 188 U. S. 537, 23 Sup. Ct. 398, 47 L. Ed. 584.

The State cannot be required, as of course, to furnish files of its offices to its officers or departments, and, in the absence of a statute requiring one branch to furnish copies of its files to another, they cannot be demanded. We have been unable to find any statute requiring the Clerk of the Supreme Court to furnish copies to any of the departments or agencies of the State. The courts, as well as all public officials, are presumed to know the law, but we know of no requirement that the clerk shall promulgate the decisions, either upon his own motion or at the request of any official or department of the state government.

It is not a question of taxing costs against the State, but whether one department, in the absence of legislative direction, shall be required to furnish another department copies of opinions, and if so, why not to all arms of the state government? We do not conceive the rule, that the State is not liable for costs in judicial or legal proceedings, as furnishing a principle applicable here. The true rule, as we conceive it to be, is, that in the absence of legislative direction, no department can demand that the clerk furnish to any branch of the public service such copies as are indicated in the petition. The fact that the department may pay it out of the fund provided by the State does not change the principle, and we think that public policy demands that such should be the rule. To hold otherwise would, in effect, be to hold that the duty and service the clerk owes the State, in his time and attention, would be diverted, and his services extended to the assistance of other departments.

The clerk is therefore instructed to require the statutory fee for all copies requested by, and furnished to, any person, firm or corporation, or the agencies of the State, unless a specific statute provides otherwise.