**STATE of Indiana, DEPARTMENT OF REVENUE, Appellant-Defendant,**

v.

**AMERICAN MOTORISTS' INSURANCE COMPANY, Appellee-Plaintiff.**

No. 2–1278A432.

Court of Appeals of Indiana, Fourth District.

Oct. 31, 1979.

Theodore L. Sendak, Atty. Gen., Wally T. Gray, Deputy Atty. Gen., Indianapolis, for appellant-defendant.

Robert W. Mysliwiec and John R. Obenchain, South Bend, for appellee-plaintiff.

MILLER, Presiding Judge.

Defendant-Appellant State of Indiana, Department of Revenue (State) appeals from a summary judgment awarding American Motorists' Insurance Company (American Motorists') one thousand five hundred thirty-five dollars and eighty-nine cents ($1,535.89) and costs. This amount represented interest on a refund to American Motorists' of motor fuel use tax. We affirm the monetary award. However, we remand to allow American Motorists' to recover its costs but without assessing these costs against the State.

Essentially all the facts pertinent to this complaint were either stipulated to by the parties or were included in the court's findings of fact. Robert Carrano (Carrano) d/b/a Springville Truck Stop was a special fuel dealer and was legally obligated to pay

the motor fuel use tax. On November 19, 1974, an auditor for the Motor Fuel Use Tax Division completed a final audit of Carrano's account for the period of September 1, 1972 through January 31, 1973. As a result of the audit, the State determined Carrano owed a tax deficiency of $9,463.52 for the period in question. When the State was unable to collect the deficiency from Carrano, it notified American Motorists', surety upon Carrano's Motor Fuel Use Tax bond, of the deficiency and demanded it make good on the bond. After protracted correspondence between the State and American Motorists' "upon the nature and format of the claim," American Motorists' paid the $9,463.52 tax deficiency on September 9, 1975. The State did not assess American Motorists' any penalties or interest.

On approximately May 5, 1977, American Motorists' notified the State it believed the final audit of Carrano was incorrect. The State conducted a revised final audit which was completed on August 18, 1977. As a result, the State found Carrano's tax deficiency for the period in question to be $581.94. The State supplied American Motorists' with a copy of the revised audit and claim vouchers to enable American Motorists' to claim the overpayment of $8,881.58 ($9,463.52 less $581.94). On November 4, 1977, after receiving American Motorists' claim for the refund, the State refunded the overpayment.

On July 11, 1977 before either the revised audit was completed or the refund was paid, American Motorists' filed this action demanding said refund together with eight per cent interest from September 5, 1975, the date it paid the tax. Upon American Motorists' motion for summary judgment, the trial court granted it the requested interest of eight per cent (the overpayment having already been refunded) from September 5, 1975 to November 4, 1977 plus costs.

The State raises the following issues for review:

1. Did the trial court err in determining American Motorists' was entitled to interest on the overpayment of tax?

2. Did the trial court err in determining such interest was due from the date of payment to the State to date of refund, that is, from September 5, 1975 to November 4, 1977?

3. Did the trial court err in determining eight percent was the appropriate rate of interest?

4. Did the trial court err in deciding American Motorists' could recover costs from the State?

*Was American Motorists' entitled to interest?*

■ The State correctly contends there is no specific statutory provision concerning payment of interest on refund of motor fuel use taxes.[1] Further, it correctly states there is a split of authority in other jurisdictions as to whether a taxpayer is entitled to such interest in the absence of a specific statutory provision. 72 *Am. Jur. 2d, State*

---

1. *Ind.Code* 6–6–2–13. Refund of taxes erroneously or illegally collected.—In the event it shall appear to the administrator that any taxes or penalties imposed by this act [*Ind.Code* 6–6–2–1—6–6–2–16] have been erroneously or illegally collected or paid by any user or fuel dealer, the administrator shall certify the amount thereof and shall thereupon draw his warrant for such certified amount on the treasurer of state to such user. Such refund shall be paid by the treasurer of state to such user or dealer forthwith from the motor fuel tax fund of the motor vehicle highway account.

No refunds shall be made under the provisions of this section unless a written claim therefor setting forth the circumstances by reason of which such refund shall be allowed, which claim shall be in such form as the administrator shall prescribe and shall be sworn to by the claimant, shall be filed with the administrator within one [1] year from the date of the payment of the tax erroneously or illegally collected or paid.

*Ind.Code* 6–6–2–14. Suits for recovery of taxes erroneously or illegally collected.—Fees for informants.—Any fuel tax illegally or erroneously collected or paid or any interest or penalty thereon collected without authority, or any sum excessively or wrongfully collected under this chapter [*Ind.Code* 6–6–2–1—6–6–2–16], may be recovered by the person who shall have paid the sum, in a suit at law against this state whether or not such taxes, interest, or penalty shall be paid voluntarily or under protest."

*and Local Taxation,* § 1068 (1974). See 88 *A.L.R.2d* 823 (1963). Indiana is, however, a jurisdiction which does allow such interest even in the absence of specific statutory authority. *Metropolitan Life Insurance Co. v. State,* (1924) 194 Ind. 657, 144 N.E. 420 (Metropolitan paid taxes on certain gross receipts under protest when the State threatened both to revoke its license and to enforce a penalty of $100 per day for non-payment.) *Board of Commissioners of Lake County v. Donch* (1893), 6 Ind.App. 337, 33 N.E. 663. (Donch paid taxes without protest and then sued for the refund.) We find the trial court did not err in awarding interest.

*Was American Motorists' entitled to interest from the date of payment (September 5, 1975) or from the date of demand (July 11, 1977)?*

■ The following stipulation was among those filed with the trial court.

20.  If and only if American Motorists' Insurance Company is entitled to recover interest upon the motor fuel use tax assessment of $8,881.58 then it would recover interest upon this principal for the period September 5, 1975 (Date of Payment) through and including November 4, 1977 (Date of Refund).

(a) If American Motorists' is entitled to 6% per annum interest for the period of 26 months less one day, it would be entitled to interest of $1,151.92. In the alternative;

(b) If American Motorists' is entitled to 8% per annum interest for the period of 26 months less one day, it would be entitled to interest of $1,535.89.

Thus, the issue now presented by the State was not considered by the trial court. It cannot, on appeal, be resolved for the first time. The parties are bound by said stipulation. *Continental Casualty Co. v. Lloyd,* (1905) 165 Ind. 52, 73 N.E. 824; *Indiana Department of Revenue v. Hoosier Metal,* (1979) Ind.App., 386 N.E.2d 963; *Miles v. Eltzroth,* (1976) Ind.App., 351 N.E.2d 77. The trial court was correct in fixing the period for which interest was to be paid according to the terms of the stipulation.

*What was the rate of interest to which American Motorists' was entitled?*

■ Again, the statutes in question are silent with respect to interest. The State asks that we supply interest at six per cent per annum because that is the rate of interest assessed by the State for late payments of the motor fuel use tax. *Ind.Code* 6–6–2–9. Further, it points out that the Gross Income Tax Act, *Ind.Code* 6–2–1–16(b), and the Adjusted Gross Income Tax Act, *Ind. Code* 6–3–6–1(b), both provide that interest on a refund be computed at six per cent per annum from the date of overpayment. However, we decline to speculate as to what the Legislature might have done if, in fact, it had included interest in the statute. In this regard, we refer to the general interest statutes. *Ind.Code* 24–4.6–1–102 and *Ind.Code* 24–4.6–1–103 [2] provide that interest is to be computed at the rate of eight per cent. We find no error in the trial court's award of eight per cent pre-judgment interest.

*Did the trial court err in determining American Motorists' could recover costs from the State?*

■ The State and its political subdivisions do not pay costs for any civil action brought by them or on their behalf. *Ind. Code* 33–1–9–1(c). Further it is established by Indiana case law that public policy is

---

2.  24–4.6–1–102. Rate in absence of agreement. —When the parties do not agree on the rate, interest on loans or forbearances of money, goods or things in action shall be at the rate of eight per cent (8%) per annum until payment of judgment.

24–4.6–1–103. Date from which interest allowed.—Interest at the rate of eight per cent (8%) per annum shall be allowed: (a) From the date of settlement on money due on any instru-

ment in writing which does not specify a rate of interest and which is not covered by IC 1971, 24–4.5 [24–4.5–1–101—24–4.5–6–203] or this article [24–4.6–1–101—24–4.6–1–202]; (b) And from the date an itemized bill shall have been rendered and payment demanded on an account stated, account closed or for money had and received for the use of another and retained without his consent.

opposed to imposing costs upon the State. *Ex parte Fitzpatrick* (1909), 171 Ind. 557, 86 N.E. 964; *Board of Commissioners of Miami Co. v. Blake*, (1863) 21 Ind. 32; *See State v. City of Terre Haute* (1968), 250 Ind. 613, 238 N.E.2d 459; *Indiana State Fair Board v. Hockey Corp.* (1975), 165 Ind.App. 544, 333 N.E.2d 104, *rehearing denied* 165 Ind.App. 544. Finally, taxing costs against the State without specific statutory authorization is contrary to law. *Board of Tax Commissioners v. Warner* (1970), 254 Ind. 183, 258 N.E.2d 621; *State Board of Tax Commissioners v. Traylor* (1967), 141 Ind. App. 324, 228 N.E.2d 46.

However, we note *Ind.Code* 34–1–32–1 provides:

"In all civil actions, the party recovering judgment shall recover costs, except in these cases in which a different provision is made by law."

Therefore, we remand with instructions that the trial court amend its judgment to indicate that no costs are to be assessed against the State. Further the judgment should provide for the refund to American Motorists' of its filing fees advanced in this cause. Otherwise, the judgment of the trial court is, in all things, affirmed.

CHIPMAN and YOUNG, JJ., concur.