L ·

## Gracie's Estate.   Union Trust Co.'s Appeal.

*Husband and wife—Statute of limitations.*

The statute of limitations does not begin to run to bar the claim of a husband against his wife until the death of the wife.

*Decedents' estates—Declarations of wife as to ownership of money deposited in her name—Evidence—Presumption—Gift.*

A testamentary paper in the handwriting of a wife, to the effect that certain moneys deposited in her name in a bank really belonged to her husband and that she desired her husband to have the moneys, is competent evidence after the death of the wife of the ownership of the deposit, although when the paper was found the signature was torn off.

In addition to the testamentary paper referred to, there was in evidence declarations of the wife to the effect that the money belonged to her husband, and that she had taken charge of it because he was not much of a business man.   There was no evidence that she ever claimed the deposit as her own.   *Held,* that the evidence was sufficient to rebut any presumption of gift.

Argued Nov. 8, 1893.   Appeal, No. 287, Oct. T., 1893, by The Union Trust Company of Pittsburgh, guardian of Benjamin M. and Thomas R. Gracie, minor children of Emma Gracie, deceased, from decree of O. C. Allegheny Co., May T., 1893, No. 68, dismissing exceptions to adjudication.   Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Adjudication of administrator's account.

The facts appear by the following opinion of the court below by OVER, J.:

" The fund for distribution arises from deposits made by the decedent in her name in the Dollar Savings Bank, Real Estate Savings Bank and the Bank of Pittsburgh.   There is also in the possession of the administrator for distribution an Allegheny

county riot bond, appraised at $1,040. Alex. R. Gracie, the husband of the decedent, alleges that the money deposited by her was his, that the bond was purchased with his money, and claims it and the whole fund.

" The deposits in the Dollar and Real Estate Savings Banks were all made more than six years prior to the decedent's death, and it is contended that as to them the claim is barred by the statute of limitations. Whilst the claimant stands in the position of a creditor of his wife's estate, McDermott v. Miners' Sav. Bk., 100 Pa. St. 288, yet the same disability, to wit, the unity of persons which prevents a wife from maintaining an action against her husband, Marsteller v. Marsteller, 93 Pa. 350, would also prevent a husband from maintaining an action against his wife. His remedy was therefore postponed until her death ; the statute would not begin to run until then, and his claim is consequently not barred by it.

" For the purpose of showing that the moneys deposited in bank belonged to the claimant, he proved declarations made by his wife to different persons to the effect that it belonged to her husband, and also offered a testamentary paper in her handwriting, dated February 11, 1875, in which she provided as follows : ' The money I have in my name in the Dollar Savings Bank is money belonging to my beloved husband, for it is his hard earning, therefore it is all his and I wish him to have it all. And the money I have in my name in the Real Estate Savings Bank is all his ; he always gave me the money and I saved it for him and it is all his hard earnings ; also the mortgage which I hold in my name against George Bauman, also is the money which my beloved husband worked hard for and gave it to me to buy the mortgage and let me have it in my name and I wish him to have it all.' This paper was signed by the decedent and witnessed by a domestic living with her at the time ; but when it was found after her death her signature was torn off ; for this reason it was objected to as incompetent evidence. Whilst it could not take effect as a will, there is no apparent reason, it being in the handwriting of the decedent, why it is not competent proof of her declaration. It is conceded that oral proof can be made of them and we have much better proof, to wit, written evidence. This paper, in connection with the other evidence in the case, shows very sat-

isfactorily that all the moneys deposited in the Dollar and Real Estate Savings Banks, prior to February 11, 1875, belonged to the claimant. The only deposit made after that date in either was one of $1,267, on September 18, 1879, in the Dollar Savings Bank. The evidence, however, shows that this was a transfer from the account of George Gracie, son of the claimant, of moneys which he had deposited for his father.

" It is clear therefore that the money here for distribution arising from the deposits in these banks belonged to the claimant. If then he did not intend to make a gift of it to his wife, his claim as to these deposits must be sustained. He was for a number of years steadily employed as manager of oil refineries in the suburbs of the city, where he resided, and it was inconvenient for him to visit the banks. He gave his wages to his wife, who deposited them, and seems to have attended to all outside business for him. She gave as reasons for depositing it in her name to one witness, ' Because Mr. Gracie was not much of a business man ; ' ' that he never had time to go with it.' To another, ' that Mr. Gracie had no business qualities, and she had to attend to this money and look after it, and if she didn't attend to this business that they would have nothing in no time.' There is no evidence that she ever claimed these deposits as her own, but both in her oral and written declarations she acknowledged it was his money, and in her writing expressly states that she saved it for him.

" The evidence is sufficient to rebut any presumption of gift, and is much stronger than that adduced in McDermott's Appeal, 106 Pa. 358, where a husband's claim against his wife's estate for money deposited in her name was sustained. His claim must therefore be allowed.

" The only evidence as to the Allegheny county riot bond is that of George Gracie, son of the claimant ; he testified that the decedent, who was his stepmother, told him that she purchased this bond with her husband's money, and that he understood from her that it belonged to him. Whilst the evidence as to the claimant's right to it is not as satisfactory as to the deposits, yet taking it in connection with all the circumstances of the case, it seems sufficient to establish his claim.

" On the death of the decedent's father in 1872, she inherited one-fifth interest in a house and lot on Fourth avenue, and in 1875 she purchased with her husband's money the other four-

fifths interest, and also a ground rent, the title being taken in her name. The net rental of this property was probably four hundred dollars per year. The claimant was not employed for some years prior to his wife's death, and no doubt a portion of the rents were applied to the support of the family. The deposits in the bank of Pittsburgh were all made subsequently to 1875, and probably some of the rents were included in them. The balance in this bank, however, was only $349, not sufficient to pay the expenses charged in the account for the administration of her estate. And as the fund for distribution is not sufficient to pay the amount found to be due the claimant, irrespective of his claims, for these deposits, it is not necessary to pass upon the questions raised as to them."

The court awarded the whole fund to claimant.

Exceptions by appellant to the adjudication were dismissed.

*Errors assigned* were dismissal of exceptions, quoting them.

*George P. Hamilton*, for appellant, cited: Braman's Ap., 89 Pa. 78 ; 2 Wood on Limitations, p. 580; Marsteller v. Marsteller, 93 Pa. 350 ; Pollock v. Ray, 85 Pa. 428 ; Romig's Ap., 84 Pa. 235 ; Robinson v. Cushman, 2 Denio, 149 ; Qualter's Ap., 147 Pa. 124 ; Earnest's Ap., 106 Pa. 310.

*Frank C. Osburn*, for appellee, not heard, cited: 1 Wood on Limitations, p. 312; Towers v. Hagner, 3 Whart. 48 ; Marsteller v. Marsteller, 93 Pa. 350 ; Ritter v. Ritter, 31 Pa. 396 ; Small v. Small, 24 W. N. 452 ; Kutz's Ap., 40 Pa. 90 ; Kane v. Bloodgood, 7 Johns. Ch. 114 ; Zacharias v. Zacharias, 23 Pa. 455 ; Walker v. Reamy, 36 Pa. 410 ; Gault v. Saffin, 44 Pa. 307 ; Parvin v. Capewell, 45 Pa. 89 ; Leow's Est., 6 W. N. 333 ; Williams's Ap., 106 Pa. 116 ; Earnest's Ap., 106 Pa. 310 ; Toner v. Taggart, 5 Binney, 490 ; Lea v. Hopkins, 7 Pa. 492 ; Clark v. Trindle, 52 Pa. 492 ; McNinch v. Trego, 73 Pa. 52.

PER CURIAM, November 14, 1893 :

We find no error in this record. The facts, together with the questions of law arising thereon, are clearly stated in the opinion of the learned judge of the orphans' court ; and we affirm the decree on his opinion.

Decree affirmed and appeal dismissed with costs to be paid by appellant.