# Pennsylvania Company for Insurance on Lives and Granting Annuities *v.* Singheiser, Appellant.

*Ground rents—Husband and wife—Merger—Extinguishment—Act of April 27, 1855, P. L. 368 and June 14, 1897, P. L. 149.*

In 1858, a wife became owner of real estate subject to a ground rent. After she acquired the real estate and before any rent became due, her husband in the same year purchased the ground rent. In 1871 the wife died leaving the real estate subject to the ground rent to her husband for life with remainder over to her descendants. The husband died in 1900. No ground rent was paid during the wife's ownership of the land or the husband's life tenancy. During the husband's life tenancy he endorsed on the envelope containing the ground rent deed, that the rent was "to be collected at my death." The husband left a will by which he gave his estate to a trustee for his second wife and a child by her. Eight years after the husband's death the owner of the land filed a petition against the trustee praying for the extinguishment of the ground rent. *Held,* (1) that, as the husband could not sue his wife, the Act of April 27, 1855, P. L. 368 did not run during the thirteen years in which the husband owned the ground rent and the wife the land; (2) that the Act of 1855 had no application during the nineteen years of the husband's life tenancy, inasmuch as his endorsement on the envelope of the ground rent deed indicated his recognition of the existence of the ground rent, and the law did not require him to do the vain thing of paying as the owner of the land the ground rent to himself as owner of the rent; (3) that the ground rent was not extinguished, under the circumstances, although no rent had in fact been paid from 1858 to the filing of the petition in 1908.

Mr. Justice Potter and Mr. Justice Elkin dissent.

Argued Jan. 2, 1912. Appeal, No. 67, Jan. T., 1911, by defendant from judgment of C. P. No. 2, Phila. Co., March T., 1908, No. 2737, for plaintiffs n. o. v. in case of Pennsylvania Company for Insurance on Lives and Granting Annuities and S. Kingston McCay, Executors of the last will and testament of Alfred C. Gibson, deceased, The Pennsylvania Company for Insurance on Lives and Granting Annuities, Trustee under the will

of Alfred C. Gibson, deceased; Virginia Frances Gibson and Mary Emma Gibson v. Andrew Singheiser, Covenantor and Cecelia E. Crilly, Real Owner. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Issue under the first and second sections of the act of June 14, 1897, P. L. 149, to determine whether a ground rent had become extinguished by presumption of law. The proceedings were instituted by petition by Cecelia E. Crilly, daughter of the devisee of the land under the will of Rosanna Gibson, wife of Alfred C. Gibson, praying for extinguishment as owner, the petition being filed eight years after Alfred C. Gibson's death. Before BARRATT, J.

In addition to the facts stated in the opinion of the Supreme Court, it appeared that Alfred C. Gibson left a will by which he gave his estate to a trustee for his said wife and a child by her.

At the trial the jury returned a verdict for defendants. Subsequently the court entered judgment for plaintiffs non obstante veredicto.

*Error assigned* was in entering judgment for plaintiffs non obstante veredicto.

*D. Webster Dougherty,* for appellant.—The statute is more than a statute of limitation, it is a statute of repose and was passed to relieve as far as possible an intolerable condition which hindered and obstructed the free alienation and enjoyment of property: Wingett's App., 122 Pa. 486; Wallace v. Fourth U. P. Church, 152 Pa. 258.

The indorsement on the envelope was properly excluded: Clay v. McCreanor, 9 Pa. Super. Ct. 433; McKinney v. Snyder, 78 Pa. 497; Wesner v. Stein, 97 Pa. 322; Spangler v. Spangler, 122 Pa. 358.

That the seventh section of the act of 1855 is consti-

tutional was held in Korn v. Browne, 64 Pa. 55; Biddle
v. Hooven, 120 Pa. 221; Clay v. Iseminger, 187 Pa. 108:
Wilson v. Iseminger, 185 U. S. 55 (22 Sup. Ct. Repr.
573).

The Act of June 14, 1897, is constitutional: Haines'
App., 73 Pa. 169; Korn v. Browne, 64 Pa. 55; Wingett's
App., 122 Pa. 486.

The twenty-one years having therefore begun to run
on February 18, 1858, the running was not suspended
after Mrs. Gibson's death: Amole's Appeal, 115 Pa.
356; Light's Estate, 136 Pa. 211; McDonald v. Hovey,
110 U. S. 619 (4 Super. Ct. Repr. 142).

"The act of 1855 in its application of gound rents
made this a legal presumption after twenty-one years
which cannot be rebutted:" Biddle v. Hooven, 120 Pa.
221; Pratt v. Eby, 67 Pa. 396.


*James Wilson Bayard* and *John G. Johnson,* for ap-
pellees.—This act is one of the statutes of limitations,
and is subject to the general rule governing all of such
statutes.   One of these which is directly applicable to
the first of the three periods above mentioned in the
present case, is, that as between husband and wife the
statute of limitations does not run: Towers v. Hagner,
3 Whart. Pa. 48; Kutz's Appeal, 40 Pa. 90; Lahr's Ap-
peal, 90 Pa. 507; Marsteller v. Marsteller, 93 Pa. 350;
Gracie's Estate, 158 Pa. 521; Hillerman v. Ingersoll,
5 Phila. 143.

The law does not require the doing of a useless thing;
and we submit that, if necessary, it should be held that
a presumption arose that everything that was neces-
sary to be done to preserve the life of the rent, was
properly done.   We have, in addition, the distinct ac-
knowledgment of the existence of the rent in the en-
dorsement by Alfred C. Gibson on the envelope con-
taining the ground rent deed, made during this second
period, that it was to be collected after his death.   We

submit, therefore, that the statute of limitations cannot be held to have run during this second period.

Ground rent does not accrue like interest from day to day. The rent is an estate in the land: Streaper v. Fisher, 1 Rawle 155; Cobb v. Biddle, 14 Pa. 444; White's Estates, 167 Pa. 206; Hart v. Anderson, 198 Pa. 558; Amole's App., 115 Pa. 356.

OPINION BY MR. JUSTICE BROWN, March 18, 1912:

The issue in the court below was framed under the act of June 14, 1897, P. L. 149, to determine whether an irredeemable ground rent had been extinguished by operation of law. A vedict was directed in favor of the owner of the land, the defendant in the issue, but subsequently judgment was entered in favor of the appellees, the present owners of the ground rent.

In a deed from James Smith to Andrew Singheiser, dated February 15, 1800, and duly recorded, an irredeemable ground rent of two hundred Spanish milled dollars per annum, which is the subject of this controversy, was reserved in the lot of ground conveyed, situated on the west side of Third street, in the city of Philadelphia. On May 8, 1858, Richard McAvoy conveyed the lot to his daughter, Rosanna Gibson, wife of Alfred C. Gibson, subject to the said ground rent, to which the said Alfred C. Gibson acquired title on the 21st day of the same month. Mrs. Gibson died October 12, 1871, having given, by her will, a life estate to her husband in all her property, with remainder over to her descendants. She also gave him a power of sale. He died December 7, 1900, having, during all the interval, retained possession of the premises, subject to the ground rent, without exercising the power of sale, and, upon his death, Cecelia E. Crilly, a granddaughter of Mrs. Gibson, became the owner of the property.

The last payment of the semi-annual rent was made to Gibson's predecessor in title on February 18, 1858, and appellant's contention, as stated by her counsel, is

"that the twenty-one years in this case began to run from the time of the last semi-annual payment of the ground rent, to wit: February 18, 1858, and having once begun to run was not stopped by the subsequent transfer of the land to Mrs. Gibson or of the ground rent to Mr. Gibson, and by virtue of the provisions of the seventh section of the act of April 27, 1855, P. L. 368, the ground rent became extinguished on the 18th day of February, 1879." The seventh section of the act of 1855 provides that "in all cases where no payment, claim or demand shall have been made on account of, or for any ground rent, annuity or other charge upon real estate for twenty-one years, or no declaration or acknowledgment of the existence thereof shall have been made within that period by the owner of the premises, subject to such ground rent, annuity or charge, a release or extinguishment thereof shall be presumed, and such ground rent, annuity or charge shall thereafter be irrecoverable."

It is first to be noted that, when Alfred C. Gibson acquired title to the ground rent, there was no payment due upon it, and nothing was demandable until August 18, 1858, the next semi-annual payment period fixed in the deed from Smith to Singheiser. But on that date Mrs. Gibson was the owner of the land, having acquired title to it in the previous May, and her husband could not have enforced payment from her of the semi-annual payment then due, for she held the title as his wife to the land charged with the rent. She so held the title until her death on October 12, 1871, and during that period of more than thirteen years any demand by the husband upon her for payment of the rent would have been vain and useless, for he could not have enforced his demand by an action against her. To this appellant makes answer that the act of 1855 makes no exception in favor of any one. This is true, but it is further true that nothing in that act contravenes the rule in force with us that the unity of persons which prevents

a wife from maintaining an action against her husband also prevents a husband from maintaining an action against her: Gracie's Estate, 158 Pa. 521. On grounds of public policy, the law discountenances controversies between husband and wife and encourages inaction as to claims inter sese during the existence of the marital relation. But, aside from this, it is well contended by counsel for appellees that the manifest intention of the husband in acquiring the ground rent a few days after his wife had acquired title to the land was to keep them both in the family, not, however, with any intention on his part to merge both in her, else he would have had the deed for the ground rent made directly to her. If such was his intention, the presumption naturally follows that he, in effect, donated the ground rent to her as it accrued from time to time. We are clear that the act of 1855 has no application from February 18, 1858, to the date of Mrs. Gibson's death, and we come to the period during which her husband was in possession of the property as life tenant under her will. This period extended from October 12, 1871, to December 7, 1900.

Among the papers that came into the hands of Gibson's executor was an envelope containing his deed for the ground rent. On this envelope there was the following endorsement in his handwriting: "This ground rent is on property No. 820 and 822 and 824 North 3rd, running through to Charlotte street, to be collected at my death." Below that is written: "Ground rent debt $200 per annum to Thomas Williams, trustee. A. C. Gibson." The endorsement is without date, but it is admitted that it was written some time after January 1, 1874. It was excluded by the trial judge, and this was properly held to have been error by the court in banc. While the endorsement may not have been a declaration or acknowledgment of the existence of the ground rent "by the owner of the premises subject to" it, it was an acknowledgment of the existence of the ground rent by the life tenant of the

property, upon whom there rested the burden of paying the semi-annual rents during his life estate, and, on the other hand, it is to be regarded as a claim made by him, as the owner of the ground rent, that it was in existence, but, for a manifest reason, not to be collected until his death. It was a declaration by him that, when the ground rent should, upon his death, pass to another, the payments which he had not exacted from himself while he, as life tenant, was in possession and enjoyment of the property out of which the rents were payable, should be made by those who, after his death, would come into possession and enjoyment of the land. While he lived he was, as life tenant, the payer, and, as owner of the ground rent, the payee. The hand that was to pay was the hand that was to receive, and to hold that the ground rent must be presumed to have been extinguished, because he did not leave behind him some evidence that, at some time during the last twenty-one years of his life, he had, as life tenant, taken the rent out of one of his pockets and put it in another, to pay himself as the owner of the ground rent, would be to require an uttterly vain, useless and foolish thing, never demanded by the law and certainly not contemplated by the act of 1855. Lex neminen cogit ad vana seu inutilia.

The assignments of error are overruled and the judgment is affirmed.


MR. JUSTICE ELKIN, dissenting:

There are two reasons, conclusive to my mind, why the judgment entered by the court in banc should be reversed. The first reason is the act of April 27, 1855, P. L. 368, and the second, the act of June 14, 1897, P. L. 149. The ground rent was reserved by deed in 1800; the last payment of rent was made on February 18, 1858; and from that time until April 1, 1908, when the preset petition was filed, no one representing the owner of the ground rent made any demand upon anyone, for

payment, or asserted by legal process or otherwise, the right to enforce collection of the same. After the lapse of half a century, when all of the original parties in interest are dead, the attempt is being made to breathe life and vitality into a dormant ground rent, which all of the parties immediately concerned allowed to slumber for eight years beyond the period of two natural lives.

As to the first reason, it may be said, the seventh section of the act of 1855 provides that in all cases where no payment, claim, or demand shall have been made for any ground rent upon real estate for twenty-one years, or no declaration or acknowledgment of the existence thereof shall have been made within that period by the owner of the premises, "a release or extinguishment thereof shall be presumed, and such ground rent, annuity or charge, shall thereafter be irrecoverable." It will be noticed that the act did not simply provide when the presumption of payment shall arise, but it in express terms made such a charge irrecoverable after the twenty-one year period. The language of the act is broad and comprehensive, and contains no suggestion of an exception in any case. It was intended as an expression of the statutory policy of the law in dealing with charges of this character upon real estate, or of such an interest in land if it be so considered. It is a statute of repose and has always been so regarded. The power of the legislature to pass such an act cannot be doubted, and we have nothing to do with the wisdom or policy of the statutory law thus declared. In my opinion, the act should be enforced according to its terms, and if so enforced, there could be no recovery of the ground rent in question here. There was "no payment, claim or demand" on account of the ground rent for fifty years after the last payment of semi-annual rent. The owner of the premises made no declaration or acknowledgment of the existence of the ground rent during that time. If, therefore, the act means what it

says, the rent charge is now irrecoverable. The act also provides how the evidence of such payment, and of the claim and demand, may be perpetuated, but no attempt was made in the present case to comply with these requirements, and nothing was done by anyone from 1858 to 1908 to give notice of the existence of the ground rent. It would be difficult to find a case more completely covered by the act than the one at bar. The conveyance of the lot to Mrs. Gibson in 1858, and the acquiring of title to the ground rent a few days later by her husband, according to my view, in no way affect the declared statutory policy of the law as to ground rents. No such exception is made in the act, and to give it such a construction it is necessary to ignore its plain provisions. Because the law throws certain safeguards around the domestic relation by denying the husband and wife the right to bring suit against each other, is no reason why positive statutory provisions relating to charges upon real estate, and intended as a wise general policy of law, should be disregarded. The husband made no attempt to collect the ground rent during the life of his wife who died in 1871, nor did he at any time take steps to perpetuate evidence of any payment, claim or demand as required by the act. He died in 1900, and the beneficiaries under his will, appellees here, made no demand for payment of the ground rent, or asserted any right to collect it, until 1908 when in search of the records by other parties for a different purpose it was discovered that the ground rent had never been formally extinguished. The last payment was made in 1858; the first twenty-one year period expired in 1879; to this may be added another twenty-one year period expiring in 1900; and in addition there was another eight year period, during all of which time, nothing was done by the owner of the ground rent in assertion of his right to demand payment. The memorandum, not dated, found among the papers of the deceased husband, to which reference has

been made, did not meet the requirements of the statute and was insufficient to defeat the policy of the law as declared by the legislature. It is not pretended that this undated paper is testamentary in character, and it cannot be said that it was a declaration made by the husband against his interest, and, therefore, Gracie's Estate, 158 Pa. 521, has no application. But even if such paper might under certain circumstances be admitted as a declaration of one against his own interest, which in the present case it could not be considered, it was clearly incompetent to affect the rights of the parties here because it was not made by the owner of the premises, and this is what the act requires. It was made by the owner of the ground rent, and at best could only be considered as a self serving declaration. What this court said in Korn v. Browne, 64 Pa. 55, precisely fits the present case, "as the plaintiff did not prove any claim or demand or payment, or any declaration or acknowledgment of the existence of the ground rent within twenty-one years, the statute presumption operated an extinguishment and the ground rent became irrecoverable." The statute made no exception in behalf of married women, or persons under disabilities, and we have frequently held that disabilities to be saved from the operation of a statute must be expressed or they cannot be considered an exception: Warfield v. Fox, 53 Pa. 382; Metz v. Hipps, 96 Pa. 15; Way v. Hooton, 156 Pa. 8.

We have also expressly said in at least two cases that the act of 1855 makes no exception in behalf of persons under disabilities when their titles accrue, nor of persons taking as heirs at law or distributees: Wallace v. Fourth U. P. Church, 152 Pa. 258; Clay v. Iseminger, 187 Pa. 108. The disability set up in the present case is the relation of husband and wife, but no such exception is made in the act, and under the authority of the cases just cited this relation should not

be allowed to defeat the purpose of the statute and the policy of the law.

The second reason for sustaining the present appeal is the act of 1897. This act provides a method of procedure to determine the question of the extinguishment of a ground rent by payment or by presumption of law. It was intended to apply to cases like the one at bar. It provides in express terms that "in case of a rent reserved by deed dated and recorded more than twenty-one years before the filing of said petition, the burden of proof shall be on the plaintiff to show that said rent is not extinguished by payment or presumption of law."

In the present case the ground rent was reserved by a deed dated and recorded more than one hundred years ago, and it follows as of course that the burden of proof was upon the plaintiffs, appellees here, unless it be now said for the first time, that the statutory rule has no application in a case where the owner of the ground rent is represented by one acting in a fiduciary or representative capacity. To so hold is to read into the act by way of construction, provisions, or exceptions, which the legislature did not include, and which in my opinion were never intended to be included. The act places the burden of proof upon the plaintiff in every case in which the rent is "reserved by deed dated and recorded more than twenty-one years before the filing of said petition." It is the deed reserving the rent that determines upon whose shoulders the burden of proof rests, and not the parties to the litigation. The act so provides in express language, and it would seem to do violence to the legislative intention to hold otherwise. It seems to me that a statutory rule should be binding upon executors, trustees, and others acting in representative capacities, just as it is on other parties, at least so far as the method of procedure is involved.

If the deceased husband after the passage of the act of 1897 had instituted the proceeding, the burden of proof required by its provisions would have been upon

him, and, to my mind, there does not seem to be any reason why his appointees, the executors and trustee named in his will, should occupy a more advantageous position than the one who appointed them. The act of 1897 did not place any new burden upon plaintiffs. It was simply declaratory of the established rule of practice in a proceeding under the act of 1855. In Wingett's Appeal, 122 Pa. 486, decided in 1888, this court said that the burden of proof to show payment, claim or demand, or declaration or acknowledgment, under the act of 1855, was upon the claimant; that the statute need not be pleaded, and the defense may be made under the general issue. It is clear, therefore, that the act of 1897 left the burden upon the plaintiffs just as it had always been. No exception as to the burden of proof under the act of 1855 in favor of executors, or trustees, or persons acting in fiduciary capacities, has been heretofore made, although that act has been in force more than fifty years, and in my opinion no such exception should now be made. Such an exception is not only in the face of long established practice, but it is in conflict with the plain provisions of the act of 1897 and of the later act of 1909. Under such a rule it will only be necessary to raise up someone in a representative capacity to institute the proceeding in order to shift the burden, and this would in a great measure defeat the purpose of all these acts. I think the burden of proof should remain where the act placed it, and the plaintiffs in the present case having failed to meet the burden, are not entitled to recover.

I would reverse the judgment.

MR. JUSTICE POTTER concurs in the dissent.