## Hoedt *v.* Hoedt, Appellant.

*Divorce—Costs—Imposition of costs on wife—Execution.*

Costs in a divorce proceeding, when ordered to be paid by either party, may be recovered by the party in whose favor the order is made by the issuance of a fieri facias.

Argued Dec. 9, 1914. Appeal, No. 230, Oct. T., 1914, by plaintiff, from order of C. P. Schuylkill Co.,

**6**          HOEDT *v.* HOEDT, Appellant.

Statement of Facts—Opinion of the Court.    [60 Pa. Superior Ct.

No. 131, July T., 1909, discharging rule to vacate execution as to costs in case of Helen M. Hoedt v. Emil Hoedt. Before Rice, P. J., Orlady, Head, Kephart and Trexler, JJ. Affirmed.

Rule to vacate execution as to costs imposed on wife on the dismissal of her libel for divorce. Before Brumm, J.

*Error assigned* was order discharging rule.

*William Wilhelm,* for appellant, cited: Walker v. Reamy, 36 Pa. 410; Diver v. Diver, 56 Pa. 106.

*R. S. Bashore,* for appellee.

Opinion by Kephart, J., April 19, 1915:

Costs are of statutory origin and he who seeks to recover them must point out the statute giving them: Stewart et al. v. Baldwin, 1 Penrose & Watts, 461; Shaw v. Irwin, 25 Pa. 347. Except where specifically provided by statute neither husband nor wife can sue the other because of the common-law disabilities of unity of persons preventing: Marstellar v. Marstellar, 93 Pa. 350; Gracie's Est., 158 Pa. 521. Where the wife is authorized to sue the husband in divorce, and she fails in her suit, does this disability preclude the husband from an award of costs or prevent his issuing a fieri facias for their collection?

The Act of March 13, 1815, sec. 12 (6 Sm. L. 288), relative to divorce, provides that "the courts shall award costs to the party in whose behalf the sentence or decree shall pass." Where the libel is dismissed with costs this is in effect the sentence or decree of the court, as intimated by the Supreme Court in South v. South, 1 Pitts. 187. The Act of June 8, 1893, P. L. 345, sec. 3, gives to a married woman the right to sue and be sued civilly in any form of action with the same effect and results and consequences as an unmarried

person, but she may not sue her husband except in proceedings for divorce, etc. If there is any uncertainty as to the power of the court to impose costs on either husband or wife under sec. 12 of the act of 1815, sec. 3 of the act of 1893, by the use of the words "with the same effect, and results and consequences," assuredly gives this power. Not only does it provide for the imposition of costs but it also provides for their collection. The imposition of costs and the issuance of a fieri facias to collect them are some of the effects, results and consequences that would happen to an unmarried person who loses a suit in court. As between husband and wife, when they are thus authorized to sue each other, the law expressly provides for the incidents which naturally follow the losing of a suit and the laws relating to costs. It is quite true that an unmarried person could not institute divorce proceedings but the responsibility for costs apart from the act of 1815 would be governed by the clear intention of the act of 1893 and would control the question. That the fieri facias was the proper writ was decided in South v. South, supra.

It is unnecessary, in determining the question before us, to review the law as it previously existed relative to a wife's nonliability for costs, and the necessity of having someone appear with her to provide for the contingency of costs in actions for her benefit. The Act of June 3, 1887, P. L. 333, repealed by the act of 1893, not only enabled the wife to sue as a feme sole but provided that costs recovered against the wife should be paid out of her separate property. This was the intention of the act of 1893, as amended by the Act of March 27, 1913, P. L. 14.

The court below decreed that costs should be paid by the plaintiff. No appeal was taken from this decree. The question is here raised by an appeal, in the nature of a certiorari, from the refusal of the court below to vacate the fieri facias issued. We need not discuss the

conclusiveness of the decree as affecting the right of the appellant to contest the validity of the present proceedings. What is here decided is that costs in a divorce proceeding, when ordered to be paid by either party, may be recovered by the party in whose favor the order is made by the issuance of a fieri facias.

The assignments of error are overruled and the judgment is affirmed at the cost of the appellant.

ORLADY, J., dissents.