## Cooper's Estate.

402

*E. Spencer Miller*, for exceptant.

*Desmond J. McTighe, Clinton A. Sowers* and *Horace M. Rumsey*, contra.

STEARNE, J., Jan. 4, 1929.—The question before us is whether counsel fees paid in a partition proceeding to an attorney other than counsel for petitioner may be taxed as part of the costs. Exceptant, a respondent, after the proceedings were allowed to lie in abeyance for a considerable time, became active and pressed the matter to a final conclusion. He contends that, upon the inactivity, procrastination and virtual abandonment of the proceedings by the original petitioner, he himself became the real and effective petitioner within the meaning and intent of the Partition Acts, because of his diligence in expediting and concluding the cause.

It is to be noted, however, that the petitioner already presented his claim for counsel fees, which was allowed and taxed as part of the costs. To tax an additional counsel fee as part of the costs to another party in the proceeding requires legislative authority or judicial sanction.

The Partition Act of April 27, 1864, § 1, P. L. 641, re-enacted by the Orphans' Court Partition Act of June 7, 1917, § 35 *(a)*, P. L. 337, provides: "The costs . . . with a reasonable allowance to the . . . petitioners for counsel fees to be taxed by the court, or under its direction, shall be paid by all parties in proportion to their several interests."

It is to be noted that such counsel fees are to be considered costs in the proceeding. Such counsel fees are not such as are allowed in settlement of estates, etc., under broad equitable principles. Their source is derived from statutory enactment. It has always been considered (Grubbs' Appeals, 82 Pa. page 29) that the services for the performance of which the statute was made to provide were searches, formal motions, the preparation of papers and conveyancing—in a word, for such professional duties as would probably enter into the bill of costs of an attorney under the English practice. See Kujack's Estate, 4 D. & C. 414. Statutes relating to costs are strictly construed: Hoover *v*. School District, 4 Pa. C. C. Reps. 520; In re Braintrim School District, 23 Pa. C. C. Reps. 510; Arnold *v*. McKelvey, 26 Dist. R. 718; Stewart *v*. Baldwin, 1 Penrose & Watts, 461; Stillwell *v*. Smith's Exec'rs, 17 Dist. R. 502; Lewis *v*. England, 4 Binney, 13. To recover costs requires a statute specifically granting such right: Bressler's Petition, 6 Dist. R. 656; Caldwell *v*. Miller, 46 Pa. 233; Heath *v*. Walton, 9 Dist. R. 218; Hoedt *v*. Hoedt, 60 Pa. Superior Ct. 5.

Counsel fees in partition are allowed as part of the costs: Building Ass'n *v*. Bank, 142 Pa. 121; Snyder's Appeal, 54 Pa. 67; Kujack's Estate, *supra*.

It has always been considered that it is the petitioner, and the petitioner alone, who is entitled to an allowance of such counsel fees: Campbell's Estate,

13 W. N. C. 144; Biles's Appeal, 119 Pa. 105. It has been held that the court has no authority to making allowance for fees for counsel employed by any of the respondents: Culp's Estate, 26 W. N. C. 78; Campbell's Estate, *supra*.

This rule prevails though the respondent actually favored the partition and aided in the proceeding: Bile's Appeal, *supra;* Campbell's Estate, *supra;* Williams's Estate, 14 Pitts. L. J. 311; Hummel's Appeal, 2 Cent. Rep. 346; Trickett on Partition (Ed., 1900), 223; Carey's Estate, 10 Kulp, 227.

Upon broad equitable grounds it seems a hardship to deny counsel fees to a respondent who actively pressed the partition suit to a final conclusion. Unfortunately for exceptant, however, his claim is not based on equitable principles, but upon the provisions of the act of assembly. We are of opinion that because the exceptant's status is not within the provisions of the act of assembly, the ruling of the Auditing Judge was clearly correct, and, accordingly, the exceptions are dismissed.