## Straw v. Straw.

*Sydney Friedman*, for libellant; *Walter R. Solin*, for respondent.

WICKERSHAM, J., October 8, 1930.—This is a petition by the libellant setting forth that he filed his libel in divorce; that after hearing the master recom-mended that the prayer of the libellant be granted; that by a decree of this court the respondent was ordered to pay the costs of the proceeding; and

that no final decree has been signed by the court. The petitioner further alleges that the respondent is in possession of ample funds of money but has concealed the same, and that demands were made upon the respondent to pay the costs, which she has refused to do. The petitioner prays that an attachment may issue compelling obedience to the order and decree.

The court granted a rule on the respondent to show cause why an attachment should not issue, to which rule the respondent demurred, averring that an attachment will not lie to compel the payment of said costs, but that said costs, if collectible, are only collectible by the usual execution process, and that the proper procedure, under the circumstances detailed in said petition, is to issue a writ of fieri facias. This pleading raises the interesting question whether an attachment can issue to enforce the payment of costs in a divorce proceeding before final decree.

Section fifty-six of the Act of May 2, 1929, P. L. 1237, 1245, provides that "The court may award costs to the party in whose behalf a sentence or decree shall pass, or may order that each party shall pay his or her own costs, as to it shall appear to be just and reasonable." It is perfectly clear, therefore, that until a sentence or decree shall pass or an order be made, it has not been determined by the court who shall pay the costs.

The master, in his report, after reviewing the testimony, and having found the facts and reached the correct conclusions of law, recommended that a decree in divorce *a vinculo matrimonii* be granted, which procedure on the part of the master complies in all respects with Rule 99 of the rules of this court which provides: "The master shall report the procedure and the testimony together with his findings of fact, his conclusions of law, and a form of decree, and shall append thereto the libel and all subsequent papers filed in the case." The master presented his report to the court in compliance with Rule 98 of the rules of this court.

After carefully considering the evidence, the master's report, and his recommendation, we made the following order: "And now, to wit, June 26, 1930, the foregoing report of the master is hereby approved, and the decree of divorce will be signed upon application of counsel and payment of costs." This order is interlocutory and not final until the costs have been paid and the decree in divorce has been signed by the court. Until such "sentence or decree shall pass" (Act of 1929) there can be no process issued to enforce the collection of costs; after such sentence or decree has been made by the court, the proper procedure for the collection of the costs is by the issuance of a fieri facias: Hoedt *v.* Hoedt, 60 Pa. Superior Ct. 5.

It is earnestly contended by counsel for the libellant that an attachment may issue to enforce an interlocutory order, in support of which he cites Maher *v.* Maher, 21 Pa. C. C. 562. We have read the very exhaustive and conclusive opinion written by Mr. Justice Walling, then President Judge of the Court of Common Pleas of Erie County, and do not find that it supports the contention of the defendant. It is true Judge Walling says (p. 563):

"There is no doubt that pending the proceedings the court has power to enforce an interlocutory order by attachment, such for instance as the payment of temporary alimony and counsel fees. This right is necessary in order to the proper prosecution of the case to a final determination; but the reason ceases when a final decree for divorce has been entered."

Doubtless, Judge Walling had in mind Groves's Appeal, 68 Pa. 143, wherein it was held that the court has power to make an order *pendente lite* for the wife's expenses, support, etc., and enforce it by attachment; this is a necessary incident to the court's jurisdiction. Such order is not a judgment on

which execution can issue, nor a lien on the husband's land, nor a decree in equity for the payment of money. He could not have had in mind the enforcement, by attachment, of an order such as was made by the court in the instant case.

Counsel also relies in support of his contention upon Wallen v. Wallen, 11 Pa. C. C. 41, which case only decides that where the libellant in divorce proceedings fails to pay the alimony awarded to the respondent, an attachment will be granted to enforce this payment, and Calhoun v. Calhoun, 6 Pa. C. C. 177, which decides that where the court orders the parties each to pay one-half of the master's fee, the master may have an attachment against the respondent. But in this case, it must be observed, there was a final order of the court directing the parties to the suit each to pay one-half of the costs. This case is also in conflict with Hoedt v. Hoedt, supra. In Mann v. Mann, 7 W. N. C. 507, also relied upon by counsel for the libellant, the respondent having taken a rule for alimony and counsel fees, took a rule for an attachment to enforce obedience thereto. The rule was made absolute by Hare, P. J., of the Court of Common Pleas No. 2 of Philadelphia, for the reason, as we think, that there was a final order in that case directing the libellant to pay counsel fees and alimony.

We are not convinced, therefore, that an attachment will lie in this proceeding on the report of the master approved by the court, especially as the master makes no recommendation with respect to the costs in his said report. It must be observed that Rule 99 of this court provides, among other things, that the master in making his report includes therein only "a form of decree." It can hardly be said, in view of this quotation from Rule 99, that the form of decree constitutes a recommendation on the part of the master that the respondent pay the costs, and an approval of the master's report certainly does not include a final decree of divorce until it is signed by the court, and this has not been done because, under the order of court, the costs have not yet been paid. For the reasons above given the demurrer of the respondent must be sustained and the rule to show cause granted in this case must be discharged. It is so ordered.

From Homer L. Kreider, Harrisburg, Pa.