## Brower et al. v. Webb, Admx.

*Meyer, Lasch, Hankin & Poul,* for plaintiffs.
*White, Williams & Scott,* for defendant.

ALESSANDRONI, P. J., June 17, 1955.—Minor plaintiffs are the children of defendant's intestate; their guardian has instituted suit on behalf of the minors and in his own right for injuries sustained as the result of defendant's intestate's negligence. Defendant's intestate, Amy Haith Brower, was the wife of the guardian and mother of minor plaintiffs. Defendant filed preliminary objections in the nature of a demurrer.

The complaint alleges that Amy Haith Brower, negligently, carelessly, recklessly, willfully and wantonly operated a motor vehicle in Albemarle County, Virginia and thereby injured the two minor plaintiffs. The father of the minors and husband of Amy Haith Brower claims damages for medical expenses and loss

of the earnings during minority of plaintiff, Alvin Donald Brower.

The preliminary objections declare that the settled law and public policy of Pennsylvania prohibit suits between parents and children and the personal representative of the parents, between spouses or between a surviving spouse and the personal representative of decedent spouse.

In addition, defendant cites the Fiduciaries' Act of April 18, 1949, P. L. 512, article VI, sec. 603, 20 PS §320.603, as a bar to the action. That section provides, inter alia, "An action . . . which survives a decedent may be brought by or against his personal representative . . . as though the decedent were alive". Defendant urges the proposition that since a minor cannot sue his parent, if alive, therefore, if the parent for the purpose of this section is considered to be alive, the minor's action cannot be maintained.

At common law all rights of action either by or against an individual terminate at his death. The Fiduciaries Act of June 7, 1917, P. L. 447, sec. 35 (b) as amended, 20 PS Chap. 3, App. §772, stated, inter alia, "and they (executors and administrators) shall be liable to be sued . . . in any such action, . . . which might have been maintained against such decedent if he had lived". The section of the Act of 1949, supra, replaced the foregoing.

Defendants now argue that if the public policy of this Commonwaelth prohibits actions against an individual while alive, then such an action cannot be maintained against his personal representative after his death in the face of the above language.

Despite this contention, however, we do not so construe the language. There is no doubt that the language referred to is in derogation of the common law and, therefore, under well settled rules of construction, must be strictly construed. The purpose of the lan-

guage would appear to be one of direction as to how the action will proceed. That is to say that the death of decedent will not affect the substantive rights inherent in the cause of action.

There have been many instances where suits barred in the lifetime of the parties were sustained after the death of one of them. Cf. Gracie's Estate, 158 Pa. 521, where husband sued wife's estate for certain bank deposits. The husband's disability to maintain the action terminated with the end of coverture. The immunity of the wife was personal and, therefore, died with the individual.

Dougherty v. Snyder, 15 S. & R. 84, held that an action against husband by wife was only suspended until the death of the husband. Kaczorowski v. Kalkosinski, 321 Pa. 438, held that the immunity to suit between husband and wife is only a personal one.

We perceive that the true purpose of the language is to the effect that the death of the individual concerned cannot affect the substantive rights in the cause of action. It does not mean that only these actions which could have been maintained in decedent's lifetime can be maintained after death. The act governs procedure and not substance.

The court in Briggs et al. v. City of Phila., et al., 112 Pa. Superior Ct. 50 (reversed on other grounds, 316 Pa. 48) specifically states that nothing at common law prohibited actions by minors against their parents. The doctrine is, therefore, an outgrowth of decisional law.

We turn now to consider those decisions.

In Briggs v. City of Phila., supra, 112 Pa. Superior Ct., at page 55, the court said, "But, there is substantial decisional authority that it (suit by minor against living parent) is not permitted, on the theory that it is disruptive of the family peace, destructive of the enforcement of discipline, and therefore, against pub-

lic policy." The above succinctly states the rationale of the rule.

In Duffy v. Duffy, 117 Pa. Superior Ct. 500, a parent was not permitted to maintain an action for personal injuries against a minor child. The same result has obtained although the parent or minor sued has liability insurance: Silverstein v. Kastner et al., 342 Pa. 207.

It is at once apparent that the public policy behind the rule reflects society's consideration and concern for the family unit. There is no valid legal basis other than that interest. Actions between parents and children are not barred by any other considerations of policy. It is the fact of minority and society's real interest in preserving the peace and unity of the family.

Noting the foundation for the rule, we consider the case where a deceased member of the family must bear the responsibility for injuries committed. What interest remains to be protected? The family with which we are now concerned is not the family as it existed prior to the injury. The deceased member is a member of the unit in fond memory only.

For present purposes, the family unit here consists of a father and two minor children. Physically and actually, the deceased mother is no longer a member of the family. Policy will not permit an action by the minors against their father and, therefore, to that extent the rule is still a vital one. But where is its vitality as it applies to a family unit which has been rent asunder forever by death? The very reason for the rule disappears.

The maxim cessante rationi legis cessat et ipsa lex appears peculiarly applicable. If we adopted the principle urged, our conclusion would distort the very basis of its (the principle's) existence and in our opinion

would constitute an unwarranted extension. Cf. Judge Lord's excellent appraisal of the state of the law on this point in Davis v. Smith, 126 F. Supp. 497 (E. D. Pa.).

We find no bar in either the cases or in reason against the maintenance of this action: Dunlevy v. The Butler County National Bank, Admr. et al., 64 D. & C. 535, states as dictum the rule against actions by minors against parents. However, the court refused to apply the principle because of a question of fact as to the minor's emancipation. This holding merely underscores and emphasizes the true purpose of the declared policy: A purpose no longer valid under the facts of this case.

### Order

And now, to wit, June 17, 1955, defendant's preliminary objections are dismissed.